IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS STARK,<br>　　　　　Plaintiff | )<br>)<br>) |
| vs. | ) Civil Action No. 10-20<br>) Chief U.S. Magistrate Judge Amy Reynolds Hay |
| ALLEGHENY COUNTY JAIL,<br>　　　　　Defendant | )<br>) |

## REPORT AND RECOMMENDATION

**I.　　Recommendation**

It is respectfully recommended that this matter be dismissed for failure to prosecute.

**II.　　Report**

On January 7, 2010, the Court received Thomas Stark's pro se civil rights complaint (ECF No.1) citing sanitary concerns with food trays, showers, and barbering equipment at the Allegheny County Jail. No Motion to Proceed In Forma Pauperis was included with the Complaint, nor was the filing fee paid. (See id.) On March 17, 2010, this Court issued an Order (ECF No. 2) directing that Stark file a Motion to Proceed In Forma Pauperis or pay the $350 filing fee. He was also ordered to include with his filing a certificate of an authorized officer as to the amount of money and securities on file in his prison account, or a proper affidavit of con-compliance along with an inmate account statement for the prior six months. (Id.). In addition, Stark was directed to file a selection form indicating whether he consented to have a U.S. Magistrate Judge conduct all proceeding in his case. Stark was to comply with the terms of the

Order no later than March 31, 2010. (Id.). Stark did not comply with any part of that Order. On June 17, 2010, the Court issued to Stark an Order to Show Cause (Doc. 3) why this action should not be dismissed for failure to comply with the Court's original Order. The Show Cause Order was returnable by March 31, 2010. As of the date of this Report and Recommendation, Stark has not replied to the Order to Show Cause.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider the following six factors set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984)[1] :

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Factors One, Three, and Four relate to Stark's failure to comply with this Court's orders, and weigh heavily against him. Responsibility for failing to make payment, to apply for IFP status, and to file the requisite consent form lies solely with the Plaintiff. His failure to comply with or respond to the Court's orders appears to constitute willful and dilatory conduct. The second factor - the prejudice caused to the Defendant - is not significant. Similarly, factor

---

[1] Not all of the Poulis factors must be met in order for the District Court to find that dismissal is warranted. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

Six- the meritoriousness of the claim - should be weighed as neutral, although it appears that the Defendant may have meritorious defenses. The final relevant factor is the effectiveness a sanction other than dismissal. Since Stark did not pay the necessary filing fee, it does not appear that monetary sanctions are appropriate. Moreover, his failure to submit an application for IFP status supports the assumption that he has no serious interest in pursuing this case. It is, therefore, respectfully recommended that the complaint in this matter be dismissed since no other sanction will serve justice. <u>Mindek</u>, <u>supra</u>; <u>Titus v. Mercedes Benz</u>, 695 F.2d 746 (3d Cir. 1982).

Stark may file written Objections to this Report and Recommendation by the date specified in and highlighted on the copy of the docket entry which is included with a copy of this Report and Recommendation.

Respectfully submitted,

/s/ Amy Reynolds Hay
Chief United States Magistrate Judge

Dated: 22 July, 2008

cc: Thomas Stark
30123
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219